**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Strategic Energy Concepts, LLC, | Civ. No. 16-463 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| Otoka Energy, LLC, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |
| | |
| Dean Street Capital Advisors, LLC, | |
| Plaintiff, | |
| v. | Civ. No. 17-1781 (MJD/BRT) |
| Otoka Energy, LLC, et al., | |
| Defendants. | |

Arthur G. Boylan, Esq., and Steven C. Kerbaugh, Esq., Anthony Ostlund Baer & Louwagie PA, counsel for Plaintiff.

Andrew J. Pieper, Esq., Eric A. Bartsch, Esq., and Margaret E. Dalton, Esq., Stoel Rives LLP, counsel for Defendants Otoka Energy, LLC; Buena Vista Biomass Development, LLC; Buena Vista Biomass Power, LLC; and Amador Biomass, LLC.

Brooks F. Poley, Esq., Winthrop & Weinstine, PA, and Sean T. Carnathan, Esq., and Joseph P. Calandrelli, Esq., O'Connor, Carnathan and Mack, LLC, counsel for Defendants State Street Bank and Trust Company and Antrim Corporation.

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Plaintiffs' Motions for Prejudgment Garnishment. (Doc. No. 99 in Civ. No. 16-463 (MJD/BRT), and Doc. No. 62 in Civ. No. 17-1781 (MJD/BRT).) The matters have been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that Plaintiffs' motions be DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

This case concerns a series of investments and transactions relating to the retrofitting and recommissioning of a coal-fired energy plant as a renewable energy power plant in Ione, California. Plaintiffs Strategic Energy Concepts, LLC, and Dean Street Capital Advisors, LLC, allege that Otoka Energy, LLC ("Otoka"), Buena Vista Biomass Development, LLC, Buena Vista Biomass Power, LLC, and Amador Biomass, LLC (collectively, the "Otoka Defendants") "failed to pay money when due under various breach-of contract theories." (Doc. No. 109,[1] Otoka Defs.' Br. 2.)  The Otoka Defendants claim that "certain conditions precedent never occurred, and no payment is due." (*Id*.) Plaintiffs have also asserted claims against State Street Bank and Trust Company and Antrim Corporation (the "State Street Defendants"), which the State Street Defendants deny.

---

[1]     Unless otherwise noted, all document citations are to Civ. No. 16-463 (MJD/BRT).

During the course of pretrial discovery, the Otoka Defendants informed the parties and the Court that one of the Otoka Defendants was a plaintiff in a pending arbitration ("the Arbitration"[2]) in which they stood to recover money from which the claims in this case might be paid. (Doc. No. 102, Declaration of Arthur G. Boylan ("Boylan Decl.") ¶ 4.) The Otoka Defendants concede that the "related cases were put on hold for several months by the parties' mutual agreement as they awaited the outcome." (Otoka's Defs.' Br. 3.) Based on the parties' agreement, this Court's scheduling order was amended to adjust certain deadlines and it included this language:

> All parties agreed to conduct only necessary discovery while the arbitration is pending. The parties, however, understand that they must also meet the deadlines in this amended schedule. This also means that the completion of discovery will be on a very fast track following the anticipated date for the arbitration decision and the attorneys must prepare for fast track discovery and they must prepare their clients.

(Doc. No. 87, Am. Pretrial Sch. Order 3.)

Otoka was successful in the Arbitration and was awarded an amount of **$17,831,271.** (Boylan Decl. ¶ 7.) According to correspondence between counsel, "Plaintiffs expected that the recoveries from the arbitration would be used to pay Plaintiffs, either through a negotiated settlement or upon judgment." (Boylan Decl. ¶ 6.)[3]

---

[2] In the Arbitration, Buena Vista Biomass Power, LLC, sued the Sacramento Municipal Utility District ("SMUD") for breach of a power purchase agreement for SMUD's failure to fulfill its contractual obligation as the off-taker for the Plant's power. (Otoka Defs.' Br. 3.)

[3] The letter, dated January 29, 2018, stated that "[i]n the event that the Plant recovers money as a result of the SMUD arbitration, SEC and Dean Street must be promptly paid." (Boylan Decl. ¶ 6, Ex. 1.)

3

But Otoka now claims that the nearly $18 million award is insufficient to pay outstanding non-contingent, "let alone any future judgments that might potentially be obtained in this case." (Otoka Defs.' Br. 3.) Otoka has produced some documents to support its argument that it is insolvent; however, this limited production has not satisfied the other parties, including co-Defendant State Street. And Otoka has objected to deposition discovery pursuant to Federal Rule of Civil Procedure 30(b)(6) to discover the truth about the Otoka Defendants' position.[4]

The Plaintiffs and State Street fear that the Arbitration award of $17,831,271 has been received but may be distributed in violation of the agreements at issue and other agreements relating to the relationship of the parties. As Plaintiffs and State Street discuss, "[d]uring the June 8, 2018 telephone conference, [the Otoka Defendants' counsel] represented to the Court that the Otoka Defendants intended to use the money awarded in the arbitration to repay loans from their shareholders. [Counsel for Otoka] told the Court that it had no power to prevent the Otoka Defendants from making those transfers and that the Court lacked any jurisdiction to prevent the potential transfers." (Boylan Decl. ¶ 23.)

Plaintiffs filed their Motions for Prejudgment Garnishment on June 14, 2018. (Doc. No. 99.) Defendants State Street Bank and Trust Company and Antrim Corporation (together, the "State Street Defendants") recently filed separate briefs in support of

---

[4] Otoka filed a motion for a protective order. (*See* Doc. No. 92.)

4

Plaintiffs' motions. (Doc. No. 113.) State Street claims Otoka is prohibited from distributing the proceeds of the Arbitration to itself or its creditors. (State Street Br. at 2.)

## II. ANALYSIS

Federal Rule of Civil Procedure 64(a) provides, "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). Under Minnesota law, a court may order the issuance of a garnishment summons before judgment or default in a civil action, if a summons and complaint has been filed with the appropriate court and it appears that any one of seven grounds exists. Minn. Stat. § 571.93, subd. 1. Plaintiffs rely on just one of the seven grounds:

> the debtor has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the debtor's nonexempt property, with intent to delay or defraud any of debtor's creditors.

Minn. Stat. § 571.93, subd. 1 (1).

If the garnishment is before notice and hearing, the requirements of section 571.931 must be met. Minnesota Statue Section 571.931 provides:

> A creditor seeking a prejudgment garnishment order in extraordinary circumstances to secure property before the hearing specified in section 571.932 shall proceed by written application. The application must be accompanied by affidavits or by oral testimony, or both, setting forth in detail:
>
> (1) the basis and the amount of the claim in the civil action;
>
> (2) the facts which constitute the conditions for prejudgment garnishment as specified in section 571.93, subdivision 1; and

5

(3) a good faith estimate, based on facts known to the creditor, of any harm that would be suffered by the debtor if a prejudgment garnishment order is entered without notice and hearing.

**Subd. 2. Conditions.** A prejudgment garnishment order may be issued before the hearing specified in subdivision 4 only if the following conditions are met:

(1) the creditor has made a good faith effort to inform the debtor of the application for a prejudgment garnishment order or that informing the debtor would endanger the ability of the creditor to recover upon a judgment subsequently awarded;

(2) the creditor has demonstrated the probability of success on the merits;

(3) the creditor has demonstrated the existence of one or more of the grounds specified in section 571.93, subdivision 1; and

(4) due to extraordinary circumstances, the creditor's interests cannot be protected pending a hearing by an appropriate order of the court, other than by directing a prehearing seizure of property.

If the garnishment is after notice and hearing, the requirements of section 571.932 must be met. Minnesota Statute Section 571.932 provides that, after notice and a hearing, an order for prejudgment garnishment may be issued only if "the creditor has demonstrated the probability of success on the merits, and the creditor has stated facts that show the existence of at least one of the grounds stated in section 571.93, subdivision 1." Minn. Stat. § 571.932, subd. 3.

Under either provision, the Plaintiffs must demonstrate the probability of success on the merits. Without addressing any of Defendants' arguments, Plaintiffs' briefs simply state:

- Dean Street has demonstrated a probability of success on the merits. This is a straightforward breach-of-contract claim. The parties have not yet conducted much discovery, but the documentary evidence will show that it was agreed that Dean Street should be paid for its consulting services, but payment was never made.

- Strategic Energy Concepts has demonstrated a probability of success on the merits. The plain terms of the contract at issue provide that Strategic Energy Concepts was entitled to a $1.1 million payment in the summer of 2012. Moveover, Strategic Energy Concepts continues to be entitled to an additional waterfall.

(Doc. No. 64, Dean Street's Br. 7; Doc. No. 101, Strategic Energy's Br. 8.) While the Court is familiar with the dispute and underlying transaction documents, the Court must evaluate Plaintiffs' demonstration of their legal claims on the merits. The arguments and this Court's decision on the Motion to Dismiss does not satisfy Plaintiffs' burden to support the extraordinary remedy of prejudgment garnishment. Plaintiffs may have a strong case on one or more of their claims. Unfortunately, they have not demonstrated it in their moving papers. Thus, even though Plaintiffs might have satisfied other aspects of Minnesota's prejudgment garnishment statutes, Plaintiffs have not demonstrated the probability of success on the merits.

The Court, however, appreciates that Plaintiffs may not have had the opportunity to further develop the evidence to demonstrate the probability of success because they agreed to await the California Arbitration decision, based on the Otoka Defendants' representations. And, Plaintiffs understood that they would be paid (either the full amount or a negotiated amount) if the arbitration was successful. Plaintiffs—and apparently State Street—did not anticipate that a multi-million dollar award would be received and quickly distributed to others, without reserving any funds to pay a settlement or judgment. This development apparently caused Plaintiffs to bring their motion in haste, without the ability to conduct any necessary discovery. Accordingly, in the interest of fairness, this Court recommends that the Motion be denied *without prejudice*.

7

A separate order will issue to amend the deadlines for limited discovery relating to the arbitration award and its distribution. Another separate order will address the pending non-dispositive motion for a protective order.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' motions for prejudgment garnishment (Doc. No. 99 in Civ. No. 16-463 (MJD/BRT), and Doc. No. 62 in Civ. No. 17-1781 (MJD/BRT)) be **DENIED WITHOUT PREJUDICE**.

Date: July 13, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).