# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

STRATEGIC ENERGY CONCEPTS, LLC,

    Plaintiff,

v.     **MEMORANDUM OF LAW & ORDER**
      Civil File No. 16-463 (MJD/BRT)

OTOKA ENERGY, LLC, et al.,

    Defendants.

Arthur G. Boylan, Philip J. Kaplan, Norman H. Pentelovitch, and Peter J. McGilligott, Anthony Ostlund Baer & Louwagie P.A., Counsel for Plaintiff Strategic Energy Concepts, LLC.

Andrew J. Pieper, Eric A. Bartsch, and Margaret E. Dalton, Stoel Rives LLP, Counsel for Defendants Otoka Energy, LLC; Buena Vista Biomass Development, LLC; Amador Biomass, LLC; and Buena Vista Biomass Power, LLC.

This matter is before the Court on Plaintiff's Motion to Enter Final Judgment Pursuant to Rule 54(b). [Docket No. 201] The background facts of this case are set forth in detail in the Court's March 28, 2019 Order. [Docket No. 200]

On March 28, 2019, the Court granted Defendants' motions for summary judgment and dismissed the Amended Complaint. Because the counterclaims of

1

Defendant Otoka Energy, LLC ("Otoka") against Plaintiff Strategic Energy Concepts LLC ("Strategic Energy") remained, no judgment was entered. Otoka asserts two counterclaims: Counterclaim Count 1: Breach of Contract; and Counterclaim Count 2: Breach of Fiduciary Duty. [Docket No. 65]

Plaintiff now requests that the Court enter final judgment on dismissal of the Amended Complaint so that it can immediately appeal the Court's decision. Defendants Otoka; Buena Vista Biomass Development, LLC ("BVBD"); Buena Vista Biomass Power, LLC ("BVBP"); and Amador Biomass, LLC ("Amador") (collectively, the "Otoka Defendants") oppose Plaintiff's motion.

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

"Before certifying that there is no just reason for delay under Rule 54(b), the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010) (citation omitted).

"[T]he district court must undertake a two-step analysis when deciding whether to certify an order under Rule 54(b)." Downing v. Riceland Foods, Inc., 810 F.3d 580, 585 (8th Cir. 2016). First, the Court "must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." Id. (citation omitted). In this case, the parties agree that the Court is dealing with a final judgment: the Court's March 28, 2019 Order disposes of all claims brought by Strategic Energy against Defendants.

> Second, the district court must determine whether a just reason for delay exists. In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. It is a long-standing rule of the Eighth Circuit that [c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

Id. (citations omitted). The appellate court has

> identified several factors that should be considered in determining whether danger or hardship through delay exists:
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay,

3

>economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 585–86 (citation omitted). "Rule 54(b) certifications should neither be granted routinely nor as an accommodation to counsel." Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 774 (8th Cir. 2009) (citations omitted). The desire to "avoid the potential for multiple trial . . . and . . . inconsistent jury verdicts involving the same incident" is insufficient to distinguish a case from any other "civil action where some, but not all, of the defendants are dismissed before trial." Id. (citation omitted).

The Court concludes that the relevant factors weigh against granting a Rule 54(b) certification. First, the dismissed claims and the counterclaims are interrelated. Strategic Energy claims that it was entitled to a $1.1 million payment, which, in turn, the Court has held was contingent on certain funds being available. One reason the funds were not available was related to the Plant's failure to achieve Commercial Operation. Otoka's counterclaims are based on the allegation that Strategic Energy mismanaged the Plant's relationship with the Sacramento Municipal Utility District ("SMUD"), which caused the Plant to fail to achieve Commercial Operation by the deadline, led to Antrim failing to make the contingent installment payments, and ultimately

4

forced Otoka to loan money to the Project, money it ultimately lost. The failure to achieve Commercial Operation and the cause of that failure are key issues in both the claims in the Amended Compliant and the first counterclaim. Otoka also alleges that Strategic Energy breached its fiduciary duty during the negotiation of the Membership Interest Purchase Agreement ("MIPA") by misleading Otoka regarding the Plant's condition and its ability to achieve Commercial Operation. This breach of fiduciary duty counterclaim is intertwined with Strategic Energy's breach of fiduciary duty claim against Otoka, in which Strategic Energy claims that Otoka acted nefariously in the negotiation of the MIPA. The two claims address the same two parties' fulfillment of their fiduciary duties during the negotiation of the same contract.

Second, there is the possibility that the need for review might be mooted by future developments in the district court. If Otoka successfully proved at trial that Strategic Energy breached its fiduciary duty to Otoka and that Strategic Energy caused and concealed the Plant's inability to achieve Commercial Operation, Strategic Energy might decide not to appeal dismissal of its claims against Otoka.

Third, if the Court were to certify the dismissal for immediate review, there would be the possibility that the Eighth Circuit would be obliged to consider the same issue a second time. If the parties appeal the outcome of the counterclaims, the Eighth Circuit would again have to examine the parties' negotiation of the tax equity transaction, the cause for the failure of the Project to achieve Commercial Operation, and the cause of the Project's ultimate failure.

The fourth factor, the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final, weighs in favor of certification because the judgment sought to be made final is a dismissal and not a monetary award.

Finally, the miscellaneous factors weigh against certification. Certifying the dismissal for appeal would cause extensive delay in the proceedings on the counterclaims. Additionally, the parties and court system would expend additional resources on an appeal on a complex matter while the prospect of a second appeal on overlapping issues looms years in the future.

In sum, the Court concludes that this is not a case in which Rule 54(b) certification is appropriate. There are no dangers of hardship or injustice posed by following the established course in which a final judgment is not entered until

all of the claims and counterclaims are disposed of.  The equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals, weigh strongly against premature certification.  "[J]udicial economy will best be served by delaying appeal until all issues can be confronted by [the appellate] court in a unified package.  Such a course is particularly desirable where [as here] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations."  Huggins, 566 F.3d at 775 (citation omitted).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion to Enter Final Judgment Pursuant to Rule 54(b) [Docket No. 201] is **DENIED**.


Dated:   July 30, 2019                                s/ Michael J. Davis
                                                    Michael J. Davis
                                                    United States District Court