UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Strategic Energy Concepts, LLC,

    Plaintiff,

v.

Otoka Energy, LLC, Buena Vista Biomass Development, LLC, Buena Vista Biomass Power, LLC, Amador Biomass, LLC, State Street Bank and Trust Company, and Antrim Corp.,

    Defendants.

Otoka Energy, LLC,

    Counterclaim Plaintiff,

v.

Strategic Energy Concepts, LLC,

    Counterclaim Defendant.

**MEMORANDAM OF LAW AND ORDER**
Civil File No. 16-cv-463 (MJD/DTS)

Arthur G. Boylan, Norman H. Pentelovitch, Philip J. Kaplan, Anthony Ostlund Louwagie Dressen & Boylan P.A., Counsel for Strategic Energy Concepts, LLC.

Andrew J. Pieper, Stoel Rives LLP, Counsel for Otoka Energy, Buena Vista Biomass Development, LLC, Amador Biomass, LLC, Buena Vista Biomass Power, LLC.

1

Brooks F. Poley, Winthrop & Weinstine, PA, Sean T. Carnathan, Joseph P. Calandrelli, O'Connor, Carnathan and Mack, LLC, for State Street Bank and Trust Company and Antrim Corporation.

## I. INTRODUCTION

Before the Court is Defendant/Counterclaim Plaintiff Otoka Energy, LLC's ("Otoka") Motion to Voluntarily Dismiss its Counterclaims against Counterclaim Defendant Strategic Energy Concepts, LLC ("Strategic"), filed on February 24, 2023. (Doc. 234). On the same day, Strategic wrote a letter to this Court asking that the Court direct the Parties back to mediation with Judge Rosenbaum "to try to resolve the entirety of the case." (Doc. 240 at 1.) Strategic stated that it opposed Otoka's motion to dismiss and thought the Parties should be directed to mediation before the Court addressed the motion. (Id.) Strategic also identified its desire for disclosure of the settlement agreement from Otoka's New York litigation with State Street and Strategic's desire to reopen discovery as outstanding issues that had to be decided prior to trial and/or its appeal of the Court's 2019 Summary Judgment Order. (Id.) While the Court ordered the Parties to mediation, it did not stay the briefing deadlines related to Otoka's Motion to Voluntarily Dismiss. (Doc. 242.)

For the reasons discussed below, the Court grants Otoka's motion.

## II. BACKGROUND

Strategic commenced this litigation in February 2016 and amended its complaint in March before any party filed its answer. (Docs. 1, 5.) Otoka filed its counterclaims with its answer to the Amended Complaint after first filing a Motion to Dismiss in lieu of an answer, which was granted in part and denied in part. (Doc. 65.) Strategic filed its answer to the counterclaims on February 7, 2017. (Doc. 71.) On March 28, 2019, the Court granted all Defendants' Motions for Summary Judgment. (Doc. 200.) This left Otoka's counterclaims as the only claims in dispute.

The Parties have made several unsuccessful attempts to settle their dispute, the last one in May of this year when the Court ordered the Parties to mediation with Judge Rosenbaum. (Doc. 243.) After that final attempt at mediation, Strategic filed an Objection to the Special Master's Order Concerning Request to Order Production (Doc. 244); a Motion to Reopen Discovery (Doc. 245); and a letter Requesting Permission to File a Motion to Reconsider the Court's March 28, 2019 Summary Judgment Order (Doc. 251), all of which the Court denied on July 6, 2023. (Doc. 261.) The Court's July 6 Order dispatched the outstanding issues Strategic mentioned in its February 24 letter to the Court.

3

Despite this, Strategic has still not filed a response to Otoka's Motion to Voluntarily Dismiss its Counterclaims. Because the Court did not stay deadlines related to the Motion, Otoka's response was due March 17, 2023. D. Minn. LR 7.1(c)(2). On July 7, 2023, Otoka filed a letter to the Court asking the Court to grant its Motion to Voluntarily Dismiss its Counterclaims. (Doc. 262.) Strategic filed nothing in opposition to this request.

### III. DISCUSSION

Otoka moves to voluntarily dismiss its counterclaims under Federal Rule of Civil Procedure 41(a)(2), which provides that a counterclaim may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper" once the defendant has filed an answer and if the defendant will not stipulate to dismissal of the counterclaim. When deciding a Rule 41(a)(2) motion, courts must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Tillman v. BNSF Ry. Co., 33 F.4th 1024, 1027 (8th Cir. 2022) (quotation omitted). Consideration of these factors is left to the "sound discretion" of the court. Id. at 1031 (citation omitted). The purpose of Rule

4

41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side." De Castro v. Castro, No. CV 18-1449 (DWF/ECW), 2021 WL 1600482, at *2 (D. Minn. Apr. 23, 2021) (quoting Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987)).

Otoka seeks to dismiss its claim because it does not have the financial resources to proceed to trial. At this time, Otoka's liabilities "vastly exceed" its assets, it generates no revenue, and its business is not even a going-concern. (Muston Decl. in Supp. of Mot. to Dismiss Counterclaims ¶ 2.) Otoka's primary asset is the Buena Vista Biomass Power project, which is the subject of this litigation and is not operational and which Otoka has no plans to make operational. (Id. ¶¶ 3-4.) The Court finds that under these facts, Otoka has presented a proper explanation for its desire to dismiss its counterclaims. See SnugglyCat, Inc. v. Opfer Commc'ns, Inc., 953 F.3d 522, 525 (8th Cir. 2020) (affirming district court's decision to grant motion to voluntarily dismiss case without prejudice when plaintiff did not have resources to pursue discovery and trial, although issue on appeal was whether dismissal should be with or without prejudice); In re Oak Grove Farm, 16 F. App'x 536, 538 (8th Cir. 2001) (same).

Furthermore, the Court finds that dismissing these claims will not result in a waste of judicial time and resources. Rather, it will save time and resources because no trial date has yet been set and there are no pending motions before the Court related to Otoka's counterclaims.

Finally, dismissing the claims will not prejudice Strategic. Strategic did not file a motion to dismiss the counterclaims in lieu of an answer, (Doc. 71 (Strategic's answer to Otoka's counterclaims)), and did not file a motion for summary judgment on the counterclaims after the close of discovery, although, of course, it was not required to file such a motion. See Reuter v. Jax Ltd., Inc., No. CIV. 11-331 SRN/SER, 2012 WL 639447, at *4 (D. Minn. Feb. 28, 2012) (granting defendant's motion to voluntarily dismiss its counterclaims when the counterclaims were only claims remaining in litigation, plaintiff did not file motion for summary judgment on counterclaims, and defendant "no longer wish[ed] to litigate" the claims). In addition, dismissing the claims will allow Strategic to appeal this Court's Summary Judgment Order sooner, something it has indicated it intends to do. (Docs. 201, 240 at 1.)

Therefore, the Court finds that Otoka's motion should be granted and Otoka's counterclaims should be dismissed. "[I]f the plaintiff either moves for

dismissal [and] fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court." 9 Charles Alan Wright, et al., Federal Practice & Procedure § 2367 (4th ed. updated 2023). However, "dismissal with prejudice denies plaintiff a trial on the merits and therefore the district court must give the plaintiff notice of its intention [to dismiss with prejudice] and a chance to withdraw the request and proceed with litigation." Graham v. Mentor Worldwide LLC, 998 F.3d 800, 805 (8th Cir. 2021) (quoting Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995)) (cleaned up). The Court has not given Otoka such notice and therefore, the claims should be dismissed without prejudice.

In addition, the Court must consider the following four factors when deciding whether to award a dismissal without prejudice:

> (1) the [counter] defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the [counter claimant] in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the [counter] defendant.

Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 840-41 (8th Cir. 2022) (brackets in original) (quoting Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998) (quoting Paulucci, 826 F.2d at 783)).

7

Here, Strategic likely did not expend much, if any, time, effort, or money preparing for trial because the parties' focus has been on settlement. A trial notice was issued on August 19, 2020 for a February 2021 trial. (Doc. 218.) On that same day, the Parties were ordered to a settlement conference with then-Magistrate Judge Becky R. Thorson. (Doc. 219.) The Parties did not reach a settlement at that conference and an amended trial notice was issued on April 15, 2021 with a July 2021 trial date. (Doc. 224.) On June 29, 2021, the trial was cancelled and on November 12, 2021, Judge Rosenbaum was appointed Special Master in this case. (Docs. 225, 229.) The case is not currently on the Court's trial calendar and the Parties have not asked for a trial date. After each of the trial notices were filed, no party filed documents related to a trial and no hearings were held related to a trial. In addition, Defendant did not even respond to this motion. This factor weighs in favor of Otoka.

Otoka did not act with excessive delay and lack of diligence in prosecuting the action. Otoka filed its counterclaims with its answer and filed the instant motion only after the claims were the only ones remaining in the case and after assisted settlement negotiations failed. Although Strategic speculates that Otoka was paid by State Street as part of the settlement in the New York litigation, the

8

Court has made clear that it declines to venture down that rabbit hole with Strategic.  (Doc. 261 at 10, 13.)

Relatedly, Otoka has sufficiently explained the need to take a dismissal. The Court finds it credible that after being haled into court as a defendant in 2016 and litigating this case over the last seven years, Otoka does not have the financial resources to pursue two garden-variety counterclaims for breach of contract and breach of fiduciary duty when its liabilities exceed its assets.  The Court finds Otoka's explanation sufficient.

Lastly, Strategic never filed a motion for summary judgment on these claims.  "[T]his factor is used to measure the consistency and fervor with which a defendant litigated [this] case so that [it] is not unduly prejudiced by duplicative and costly re-litigation in a subsequent action.  The fact that [Strategic] did not file a motion for summary judgment should rightly count against [it] and thus [Otoka] prevails on the fourth factor."  COKeM Int'l, Ltd. v. Alexander, No. Civ. 08-1339 (PAM/JSM), 2011 WL 13312291, at *3 (D. Minn. June 3, 2011).

Having concluded that all four factors favor Otoka, the Court finds that the counterclaims must be dismissed without prejudice.

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant/Counterclaim Plaintiff Otoka Energy, LLC's Motion to Voluntarily Dismiss its Counterclaims against Plaintiff/Counterclaim Defendant Strategic Energy Concepts, LLC **[Doc. 234]** is **GRANTED;** and

2. Defendant/Counterclaim Plaintiff Otoka Energy, LLC's Counterclaims against Plaintiff/Counterclaim Defendant Strategic Energy Concepts, LLC are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 6, 2023                    s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court